IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRENDA LUE BREWER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-3188-N (BF) |
| | § | |
| CAROLYN W. COLVIN, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This is an appeal from the decision of the Commissioner of the Social Security Administration ("the Commissioner") denying the claim of Brenda Lue Brewer ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). For the following reasons, the Court recommends that the District Court AFFIRM the final decision of the Commissioner and dismiss Plaintiff's Complaint with prejudice.

**Background**

Plaintiff alleges that she is disabled due to a variety of ailments, including neuropathy in her hands and feet and a history of cancer. After her application for DIB was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge. That hearing was held on December 2, 2010. At the time of the hearing, plaintiff was 61 years old. The record does not reflect Plaintiff's level of education, but she has past work experience as a manager of telephone operators and a telephone operator. Plaintiff has not engaged in substantial gainful activity since

December 31, 2003 – the date of her alleged disability onset. Plaintiff last met the special earnings requirements under the Act on December 31, 2009.

The ALJ found that Plaintiff was not disabled and therefore not entitled to DIB. Although the medical evidence established that plaintiff suffered from a history of cancer, degenerative changes to the lumbar spine, scoliosis of the thoracic spine, hypertension, and neuropathy, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform the full range of medium work and could perform her past relevant work as a manager of telephone operators and a telephone operator. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court in which she contends that the hearing decision is not supported by substantial evidence and results from reversible legal error.

**Legal Standards**

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

2

> (1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;
>
> (2) an individual who does not have a "severe impairment" will not be found to be disabled;
>
> (3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
>
> (4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and
>
> (5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits

was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

**Analysis**

Plaintiff's appeal of the Commissioner's decision raises the following issues:

1. Whether the ALJ's assessment of Plaintiff's residual functional capacity is supported by substantial evidence; and

2. Whether the ALJ erred in finding that Plaintiff retains the ability to perform her past relevant work.

**Residual Functional Capacity**

Plaintiff first challenges the ALJ's finding that she has the residual functional capacity to perform the full range of medium work. Plaintiff contends that such a finding is not supported by substantial evidence because it does not reflect all of the limitations associated with her impairments. More specifically, Plaintiff contends that her residual functional capacity is limited (1) by her chronic diarrhea which requires her to have ready access to a restroom and the ability to take breaks up to fifteen times a day for five to fifteen minutes at a time and (2) by her neuropathy which prohibits her from standing on her feet for significant periods of time and requires the ability for her to rest and elevate her feet for at least thirty minutes at a time when they begin to hurt. (Plf. Br. at 8).

At the administrative hearing, Plaintiff testified that she began experiencing problems with her bowels after she underwent chemotherapy for breast cancer in 2002 and early 2003. (Tr. at 38). Plaintiff experienced an increase in her symptoms in 2004 after she had part of her colon removed as a result of colon cancer. (*Id*.). Plaintiff testified that, shortly before she stopped working in 2003, she would have to go to the restroom four to five times a day on most days and that, by the time of the hearing, she needed to go between five and fifteen times a day on most days. (*Id*. at 39, 41). Each time, she spends between five and fifteen minutes in the restroom. (*Id.* at 42). Plaintiff stated that she lost almost 50 pounds as a result of chronic diarrhea over a two-and-a-half year period and that sometimes her diarrhea prevents her from sleeping at night. (*Id.* at 35-36, 42). Plaintiff further testified that she experiences pain, aching, tingling, and numbness in her feet as a result of neuropathy that began after she finished her chemotherapy in 2003. (*Id.* at 43). According to Plaintiff, her feet get cold, she is unable to wear regular shoes, and she cannot walk or stand for more than ten to fifteen minutes at a time. (*Id.*). She also must elevate her feet during the day for at least thirty minutes at a time. (*Id.*). Neither rest nor pain medication entirely relieves her symptoms. (*Id.* at 44).

Plaintiff argues that the ALJ erred in rejecting her testimony regarding the intensity, persistence, and limiting effects of her chronic diarrhea. (Plf. Br. at 7-8). The social security regulations establish a two-step process for evaluating subjective complaints of pain and other symptoms. First, the ALJ must consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the pain or other symptoms alleged. *See* SSR 96-7p, 1996 WL 374186, at *2 (Jul. 2, 1996). Where such an impairment has been proved, the ALJ must evaluate the intensity, persistence, and limiting effects

of the symptoms to determine whether they limit the ability to do basic work activities. *Id.*; *see also* 20 C.F.R. § 404.1529. In addition to objective medical evidence, the ALJ should consider the following factors in assessing the claimant's credibility:

1. The individual's daily activities;

2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;

3. Factors that precipitate and aggravate the symptoms;

4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and

7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p, 1996 WL 374186, at *3. Although the ALJ must give specific reasons for his credibility determination, "neither the regulation nor interpretive case law requires that an ALJ name, enumerate, and discuss each factor in outline or other rigid, mechanical form. It suffices when the administrative decision is sufficiently specific to make clear that the regulatory factors were considered." *Prince v. Barnhart*, 418 F.Supp.2d 863, 871 (E.D. Tex. 2005) (citing *Shave v. Apfel*, 238 F.3d 592, 595 (5th Cir. 2001)).

In his decision, the ALJ cited to the applicable regulations, summarized the evidence, and articulated legitimate reasons for finding that Plaintiff's statements regarding the limiting effects of her symptoms were "not entirely credible." (*See* Tr. at 23-24). The judge noted that Plaintiff's

medical records fail to corroborate her complaints. (*Id*. at 23). Indeed, none of the medical evidence suggests that Plaintiff ever reported to her doctors that she consistently experienced episodes of diarrhea more than five times a day. (*See id.* at 680, 705). The most specific report contained in the record is a note by Dr. Stephen Boswank, Plaintiff's oncologist, that in April 2009 Plaintiff was doing well with no complaints other than "some trouble with loose stool *usually about once a week or so.*" (*Id.* at 472) (emphasis added). Although Plaintiff suggests that her doctors were "potentially not adequately" documenting her complaints regarding chronic diarrhea (Plf. Br. at 5), an equally reasonable conclusion to draw from the medical evidence is that Plaintiff never reported that she had episodes of diarrhea more than five times a day. The ALJ further observed that Plaintiff engages in a variety of activities of daily living that suggest an ability to work, such as frequent gardening, taking care of pets, helping with household chores, grocery shopping, driving a car, and attending church three times a week. (*See id.* at 23-24, 170-77). The ALJ's credibility determination is consistent with a residual functional capacity assessment performed by a state agency physician, which found that Plaintiff's alleged limitations were not fully supported by medical and other evidence and that Plaintiff can perform a full range of medium work. (*Id.* at 570-77, 578). Thus, the ALJ used the proper legal standards in assessing Plaintiff's credibility, and no error occurred in this regard.

Plaintiff criticizes the ALJ's finding that Neurontin has been successful in treating her neuropathy. (Plf. Br. at 7). Plaintiff points to evidence that her doctor increased her dosage of Neurontin in November 2009 because she continued to experience numbness, pain, and parathesias. (*See* Tr. at 801-04). However, this evidence fails to undermine the ALJ's conclusion that Plaintiff's

alleged limitations regarding her ability to stand and walk were inconsistent with the medical record as a whole and her own testimony about her daily activities. (*Id*. at 23).

Plaintiff also argues that the ALJ failed to give controlling weight to the opinion of one of her treating physicians, Ronald Jones, D.O. (*See* Plf. Br. at 8). The opinion of a treating source is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); *Spellman v. Shalala*, 1 F.3d 357, 364 (5th Cir. 1993). Even if a treating source opinion is not given controlling weight, it still is entitled to deference "and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.972." SSR 96-2p, 1996 WL 374188, at *4 (Jul. 2, 1996). *See also Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). These factors require consideration of:

1. The physician's length of treatment of the claimant;

2. The physician's frequency of examination;

3. The nature and extent of the treatment relationship;

4. The support of the physician's opinion afforded by the medical evidence of record;

5. The consistency of the opinion with the record as a whole; and

6. The specialization of the treating physician.

20 C.F.R. § 404.1527(d)(2). A treating source opinion cannot be rejected absent good cause for reasons clearly articulated in the hearing decision. *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001). More specifically:

> [T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

SSR 96-2p, 1996 WL 374188, at *4-5.

In a Physical Residual Functional Capacity Questionnaire and a Medical Source Statement of Ability to do Work-Related Activities completed on July 30, 2009, Dr. Jones found that Plaintiff suffered from neuropathy in both feet secondary to chemotherapy and chronic diarrhea and bowel incontinence. (Tr. at 665, 672). Dr. Jones opined that Plaintiff could perform the lifting and carrying requirements of light work[1] but would be limited to less than two hours of standing and/or walking in an eight-hour workday due to constant pain in her feet and would need to limit her exposure to temperature extremes, vibrations, and hazards because of her neuropathy. (*Id*. at 667, 671, 674). Dr. Jones further opined that Plaintiff could sit less than six hours in an eight-hour workday and that the specific amount of time she could sit at one time before needing to get up would "depend on how bad her diarrhea and bowel incont[inence] is that day." (*Id.* at 666, 672). According to Dr. Jones, Plaintiff sometimes may need to take unscheduled breaks as often as every five to ten minutes. (*Id.* at 667). The ALJ rejected these opinions, finding that Plaintiff could perform the full range of medium work. (*See id.* at 22). In his thorough and well-reasoned decision, the judge explained that Dr. Jones's opinion was not entitled to controlling weight:

> A treating physician's opinions are generally entitled to controlling weight when well-supported and not inconsistent with the other substantial evidence in the record. In this instance, I am unable to

---

[1] "Light work" involves lifting no more than twenty pounds with frequent lifting or carrying of ten pound objects. 20 C.F.R. § 404.1567(b).

> attack [sic] significant weight to the opinions of Dr. Jones. As set out above, the claimant's activities of daily living are extensive, and examinations for the last several years have been essentially within normal limits. The claimant is receiving treatment for her multiple health issues, and there is no indication that she is not responsive to treatment. Moreover, the determination of claimant's disability is a medical source opinion on an issue which is reserved to the Commissioner and, though a treating physician's opinion on any issue must be considered, such a[] determination is never entitled to controlling weight or special significance....

(*Id*. at 24). This explanation constitutes "good cause" for giving Dr. Jones's opinion limited or no credence. Although the ALJ did not make a specific finding as to each of the factors set forth in 20 C.F.R. § 1527(d)(2), he cited to the relevant regulations and social security rulings and indicated that each of the factors had been considered. (*Id*.). The regulations require only that the Commissioner "apply" the section 1527(d)(2) factors and articulate good reasons for the weight assigned to the treating source opinion. 20 C.F.R. § 1527(d)(2). The ALJ need not recite each factor as a litany in every case. *See Johnson v. Astrue*, No. 3:08-CV-1488-BD, 2010 WL 26469, at *4 (N.D. Tex. Jan. 4, 2010). No error occurred in this regard.

"As factfinder, the ALJ has the sole responsibility for weighing the evidence and choosing whichever limitations are most supported by the record." *Musgrove v. Astrue*, No. 3:07-CV-0920-BD, 2009 WL 3816669, at *6 (N.D. Tex. Nov. 13, 2009) (citing *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991)). Here, the ALJ properly weighed all the evidence and rejected Plaintiff's claims that she is unable to work due to chronic diarrhea and neuropathy in her legs. The ALJ found that Plaintiff's statements concerning the frequency of her diarrhea and her inability to stand or walk for significant periods of time were not supported by the record and, thus, were not entirely credible. (Tr. at 23). These findings are consistent with objective medical evidence in the record, including

10

medical opinions offered by a state agency physician, Dr. Eugenia Goodman, who found that Plaintiff's alleged limitations were not fully supported by the medical evidence and that Plaintiff can lift and carry 50 pounds occasionally and 25 pounds frequently and can sit, stand and/or walk about six hours in an eight-hour workday, all without limitation. (*Id.* at 570-77, 578). This expert medical opinion constitutes substantial evidence to support the finding that Plaintiff can perform a full range of medium work. *See, e.g. Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir.1987) (detailed report from consultative physician can constitute substantial evidence to support RFC finding); *Brown v. Astrue*, No. 3:08-CV-0255-D, 2009 WL 64117, at *4 (N.D. Tex. Jan. 12, 2009) (function-by-function RFC assessment prepared by state agency medical consultant constitutes substantial evidence); *Zeno v. Barnhart*, No. 1:03-CV-649, 2005 WL 588223, at *9 (E.D. Tex. Feb. 4, 2005) (same). Although Plaintiff's treating physician opined that Plaintiff was capable of only a limited range of light work, the ALJ found his opinion was not entitled to controlling weight or special significance. (Tr. at 23). The ALJ's residual functional capacity assessment incorporates all the limitations associated with Plaintiff's impairments and is supported by substantial evidence.

**Past Relevant Work**

Plaintiff also challenges the finding that she retains the ability to perform her past relevant work as a manager of telephone operators and a telephone operator. According to Plaintiff, this finding is erroneous because the ALJ (1) failed to consider additional limitations resulting from her chronic diarrhea and neuropathy and (2) failed to acknowledge that Plaintiff performed her past relevant work at an "accommodated" level after May of 2003.

The ALJ was not required to include additional limitations resulting from Plaintiff's chronic diarrhea or neuropathy in his residual functional capacity assessment because, as previously

11

discussed, the record as a whole does not support any such limitations. The ALJ has the sole responsibility for weighing the evidence and choosing whichever limitations are most supported by the record. *See Muse*, 925 F.2d at 790. Here, the ALJ properly weighed all the evidence and rejected Plaintiff's claims that her chronic diarrhea and neuropathy are disabling. The residual functional capacity assessment incorporates all the limitations that are supported by the record.

Finally, Plaintiff's argument that the ALJ found some of her past relevant work activity to be "accommodated employment" mischaracterizes the ALJ's opinion. At the hearing, Plaintiff explained that she stopped working and retired from her job as a manager of telephone operators in December 2003. (*Id.* at 18, 36, 38). However, the record includes earning statements from 2004 and 2006. (Tr. at 17-18). In his discussion of the evidence regarding Plaintiff's earning records, the ALJ explained:

> The claimant worked after the alleged disability onset date; however, this work appears to be accommodated employment based on the claimant's testimony. The detailed earnings record shows the claimant earned $610 while working for Parcel Plus in Rockwall, Texas. These earnings clearly fall below the level for substantial gainful activity. Accordingly, I conclude that claimant has not engaged in substantial gainful activity at any time since her alleged onset date of December 31, 2003.

(*Id.* at 18). The "accommodated employment" to which the ALJ referred was work that Plaintiff performed after she retired. Contrary to Plaintiff's assertion, the ALJ never concluded that work Plaintiff performed prior to her alleged onset date was performed at an accommodated level.

## **RECOMMENDATION**

The Court recommends that the District Court AFFIRM the final decision of the Commissioner.

SO RECOMMENDED, April 9, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of the Findings, Conclusions, and Recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify the part of the findings, conclusions, and recommendation to which an objection is being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections within 14 days after being served with a copy of the Findings, Conclusions, and Recommendation shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).